**EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

**CIVIL ACTION NO. 5:13-CV-00383-KSF**

KAREN LAWRENCE, Personal Representative for
the ESTATE OF CHARLES HOFFMAN, deceased,
and CHARLES HOFFMAN,

      Plaintiff,

v.                                                          CASE NO: 5:13-cv-383
                                                             HON.    GREGORY    F.    VAN
TATENHOVE
MADISON COUNTY,
CHRISTINE E. GREENE,
WILLIAM TYLER O'BRIEN,
SHAWN MOODY,
CORY DUNNING,
DEPUTY ROBERTS (#108), and
DOUG THOMAS,
in their individual and official capacities,

      Defendants.

_____

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS[1]**
_____

---

[1] The parties are diligently working together in order to compile a joint set of jury instructions and have exchanged same and discussed further during a telephone conference today.  The parties will continue to work together up and through the settlement conference in order to obtain an agreed upon joint set of jury instructions.

**§ 103.01 General Introduction**

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it.  You must apply the law to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  Do not be concerned about the wisdom of any rule of law stated by me.  You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments.  If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates I have any opinion about the facts.  You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions,* 5th Edition**

**§ 103.04  Juror use of electronic communication technologies:**

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, or any text or instant messaging service, or any Internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until after I accept your verdict.

**O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions,* 5th Edition**

**§103.11  All persons equal before the law—Individuals:**

This case should be considered and decided by you as a dispute between persons of equal

standing in the community, of equal worth, and holding the same or similar stations in life.

All persons stand equal before the law and are to be treated as equals.

**O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions*, 5th Edition**

**Law Enforcement Officer Witness—Bias:**

Several of the witnesses may still be employed by the Madison County Detention Center and hence are interested witnesses in the outcome of this case.  Their relationship with and employment by the Madison County Detention Center are matters for you to consider, together with your observation of the witness and the testimony you have heard, in determining whether they are biased in favor of the defendants, and what weight you will give to their testimony.

*Roberts v Hollacher*, **664 F2d 200 (CA 8, 2001)**

*Section 1983 Litigation Jury Instructions*, **Volume 4, Instruction #2.03.8, Schwartz & Pratt, Aspen Publishers, 2003 (modified)**

**Police Officer and Civilian Witness:**

The testimony of a law enforcement or corrections officer should be considered by you just as any other evidence in this case. In evaluating the credibility of a law enforcement or corrections officer's testimony, you should use the same guidelines which you apply to the testimony of any other witness.

You should not give greater or lesser credence to the testimony of a witness merely because he or she is a law enforcement officer.

*Section 1983 Litigation Jury Instructions,* **Volume 4, Instruction #2.03.7, Schwartz and Pratt, Aspen Publishers, 2003 (modified)**

*Roberts v. Hollocher,* **664 F2d 200, 202-203 (8th Cir 2001)**

**§ 103.30  Evidence in the case:**

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence.  However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

**O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions,* 5th Edition**

**§ 103.34  Questions not evidence:**

If a lawyer asks a witness a question containing an assertion of fact, you may not consider the assertion as evidence of that fact.  The lawyer's questions and statements are not evidence.

**O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions,* 5th Edition**

**§ 104.01  Preponderance of the evidence:**

Plaintiff has the burden in a civil action, such as this, to prove every essential element of plaintiff's claim by a preponderance of the evidence.  If plaintiff should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, you should find for defendant as to that claim.

"Establish by a preponderance of the evidence" means evidence, which as whole, shows that the fact sought to be proved is more probable than not.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produced in your minds belief that what is sought to be proved is more likely true than not true.  This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions,* 5th Edition**

**CV 2.14  Lawyers' Objections :**

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on the lawyers' objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on any opinion I might have about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court. .

***Standardized Civil Jury Instructions for the Western District of Michigan*, CV 2.14, p. 16**

**§ 104.04  "If you find" or "if you decide":**

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

**O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions,* 5th Edition**

### § 104.05  Direct and circumstantial evidence:

Generally speaking, there are two types of evidence presented during a trial—direct evidence and circumstantial evidence.  "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  A greater degree of certainty is not required of circumstantial evidence.  You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

**O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions,* 5th Edition**

**§ 104.20  Inferences:**

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses.  You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

**O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions,* 5th Edition**

**§ 104.54  Number of witnesses:**

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of act in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

**O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions,* 5th Edition**

**Single Witness:**

The testimony of a single witness which produces in your minds belief in the likelihood of truth, is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony.  This is true even though a number of witnesses may have testified to the contrary, and if after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

*Powers v. Bayliner Marine Corp.*, **83 F.3d 789 (6th Cir. 1996).**

### § 105.01  Discrepancies in testimony

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions,* 5th Edition**

**§ 105.02  Use of depositions as evidence:**

During the trial, certain testimony has been presented by way of deposition.  The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath or on a videotape. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

**O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions,* 5th Edition**

### § 105.04  Impeachment—Inconsistent statement or conduct

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions,* 5th Edition**

### § 105.11  All available witnesses or evidence need not be produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions,* 5th Edition**

**§ 165.01  Nature of the Action**

**§ 165.10  Generally**

Plaintiff Charles Hoffman claims damages to have been sustained as the result of a deprivation, under color of state law, of a right secured to him by the Fourteenth Amendment of the United States Constitution and by a federal statute protecting the rights of all persons within the United States which is referred to as 42 U.S.C. § 1983.

Section 1983, the federal civil rights statute under which Plaintiff Charles Hoffman sues, prohibits any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State" from depriving any U.S. citizen "of any rights, privileges, or immunities secured by the constitution and laws."

For purposes of these instructions, Defendants were acting under color of law.

**O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions, Civil*, 5th Ed., Volume 3B. (modified)**

***Perez v. Oakland County*, 466 F.3d 416, 423 (6th Cir. 2006) quoting 42 USC § 1983.**

**§ 166.01  Nature of the Action**

The Fourteenth Amendment to the United States Constitution prohibits the infliction of cruel and unusual punishment. Plaintiff Charles Hoffman was an inmate at the Madison County Detention Center for a probation violation in which the original offense was a non-violent and nonsexual offense.  Plaintiff Charles Hoffman claims that Defendants Shawn Moody and William Tyler O'Brien denied his Fourteenth Amendment Constitutional rights by being deliberately indifferent to his serious medical needs.

Defendants Shawn Moody and William Tyler O-Brien deny that they deprived Plaintiff of his rights under the Fourteenth Amendment.


**O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions, Civil*, 5th Ed., Volume 3B (modified)**


***Perez v. Oakland County*, 466 F.3d 416, 423 (6th Cir. 2006).**

**Deliberate Indifference—Settled Law**

It is settled law that deliberate indifference to serious medical needs of prisoners, including psychological needs, violates the Fourteenth Amendment.

**Yagman, Stephen,** *Section 1983 Federal Jury Practice and Instructions*, **1998, § 2-2.5**

*Perez v. Oakland County,* **466 F.3d 416, 423 (6th Cir. 2006) citing** *Estelle v Gamble*, **428 US 97, 103-104 (1976).**

**Prisoner's Rights**

In America, we respect the sanctity of human life, including those confined in jails and prisons.

**Yagman, Stephen,** *Section 1983 Federal Jury Practice and Instructions*, **1998, §2.2.1**

*Walsh v Mellas*, **837 F2d 789, 798 (CA 7, 1988)**

**Elements of Plaintiff's Constitutional Claim**

For the failure to provide medical treatment to constitute a constitutional violation, Plaintiff Charles Hoffman must show that Defendants Shawn Moody and/or William Tyler O'Brien acted with deliberate indifference to serious medical needs which, includes psychological needs.

A constitutional claim for deliberate indifference contains both an objective and a subjective component.  The objective component requires Plaintiff to show the existence of a sufficiently serious medical need. The subjective component requires Plaintiff to show that the Defendants subjectively perceived facts from which to infer substantial risk to Plaintiff that Defendants did not draw the inference, and that Defendants disregarded that risk.

Because the subjective component is not readily admitted, it may be demonstrated in the usual ways, including inference from circumstantial evidence.  You may also conclude that Defendants Shawn Moody and/or William Tyler O'Brien knew of a substantial risk from the very fact that the risk was obvious.

*Perez v. Oakland County,* **466 F.3d 416, 423 (6th Cir. 2006) citing** *Estelle v Gamble*, **428 US 97, 103-104 (1976).**

**Cursory Medical Care Insufficient**

When the need for treatment is so obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference.

**Yagman, Stephen,** *Section 1983 Federal Jury Practice and Instructions*, **1998, § 2-2.43**

*Mandel v Doe*, **888 F2d 783, 789 (CA 11, 1989)**

**Specific Intent Not Required**

For Plaintiff Charles Hoffman to prevail on his Eighth Amendment claim, he does not need to show that Defendants Shawn Moody and William Tyler O'Brien acted with the specific intent to harm him.  It is enough that Defendants acted or failed to act despite their knowledge of a substantial risk of serious harm.

*Luis Dominguez v. Julie Fletcher*, **555 F3d 543, 550 (6th Cir. 2009).**

*Farmer v Brennan*, **511 US 825, 842 (1994).**

**Negligence as to Defendants:**

Plaintiff has also brought a negligence claim against Defendants under Kentucky law. Negligence is defined as the failure to exercise the standard of care that a reasonably prudent person would have exercised in a similar situation.

Plaintiff has the burden of proof on each of the following elements:

As to Defendants Moody and O'Brien:

a.    that Defendant Moody and O'Brien owed Decedent Hoffman a duty to exercise reasonable care to place him on suicide watch or otherwise provide him with necessary medical care because they knew or had reason to believe that Decedent Hoffman might commit suicide.

b.    that Defendant Moody and O'Brien breached this duty by failing to exercise reasonable care by not placing him on suicide watch or otherwise providing him with necessary medical care to assure that Decedent Hoffman did not cause harm to himself.

c.    that the negligence of Defendants Moody and O'Brien was a proximate cause of the injuries to Decedent Hoffman.

As to Defendant Greene:

a.    that Defendant Greene owed Decedent Hoffman a duty to exercise reasonable care to check on Decedent Hoffman every twenty minutes pursuant to Madison County Detention Center's Policy because she knew or had reason to believe that Decedent Hoffman might commit suicide.

b.    that Defendant Greene breached this duty by failing to exercise reasonable care by not checking on Decedent Hoffman every twenty-minutes to assure that Decedent Hoffman did not cause harm to himself.

c.    that the negligence of Defendant Greene was a proximate cause of the injuries to Decedent Hoffman.

<u>As to Defendant Thomas</u>:

    a.    that Defendant Thomas owed Decedent Hoffman a duty to exercise reasonable care to train and supervise his employees, including Defendant Greene, in order to assure that these employees were checking on Decedent Hoffman every twenty minutes pursuant to Madison County Detention Center's Policy.

    b.    that Defendant Thomas breached this duty by failing to exercise reasonable care by not training and supervising his employees, including Defendant Greene, in order to assure that these employees were checking on Decedent Hoffman every twenty minutes pursuant to Madison County Detention Center's Policy to assure that Decedent Hoffman did not cause harm to himself.

    c.    that the negligence of Defendant Thomas was a proximate cause of the injuries to Decedent Hoffman.

**Blacks Law Dictionary, Eighth Edition**

***Sudderth v. White*, 621 S.W.2d 33, 35 (Ky. App. 1981)**

***Wright v. House of Imports, Inc.* 381 S.W.3d 209 (Ky. 2012)**

***Lawrence v. Thomas, et al.,* 16-5487, (6th Cir. 2017)**

**The Court's *Opinion and Order* dated March 31, 2016 [D/E #201, Pg. Id 22, 39, 42-43]**

**Actual Knowledge Not Required:**

For Plaintiff Decedent Hoffman to prevail on his negligence claim, he does not need to show that Defendants had actual knowledge that he was suicidal.  It is enough that the harm caused by Defendants' action or inaction i.e. the act of suicide was reasonably foreseeable.

**The Court's *Opinion and Order* dated March 31, 2016 [D/E #201, Pg. Id 42-43] citing *Sudderth v. White*, 621 S.W.2d 33, 35 (Ky. App. 1981).**

**§ 165.50 Proximate Cause Generally**


As referenced in previous instructions, Plaintiff must prove, by a preponderance of the evidence, that Decedent Hoffman's death was a proximate cause of Defendants' action or inaction.

An injury or damage is proximately caused by an act or a failure to act whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage to Decedent Hoffman, and that Decedent Hoffman's injury or damage was either a direct result or a reasonable probable consequence of the act or omission.

**O'Malley, Grenig, Lee,** *Federal Jury Practice and Instructions,* **5th Edition**

**More Than One Proximate Cause**

There may be more than one proximate cause.  To be a proximate cause, the claimed negligence need not be the only cause nor the last cause.  A cause may be proximate although it and another cause act at the same time or in combination to produce the occurrence.

*City of Louisville v. Hart's Admr,* **143 Ky. 171 (Ky. App. 1911).**

**§ 166.51  Preponderance of the Evidence**

To establish "preponderance of the evidence" means to prove that something is more likely so than it is not so.  In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions, Civil*, 5th Ed., Volume 3B**

**Defendants Take Plaintiff as They Find Him:**

You are instructed that the defendants take the plaintiff as they find him.  If you find that the plaintiff was unusually susceptible to injury, that fact will not relieve the defendants from liability for any and all damages resulting to plaintiff as a proximate result of defendants' misconduct.

*Wemyss v. Coleman,* **729 S.W.2d 174 (1987)**

**§14.08 Comparative Fault - Negligence**

For each Defendant you find negligent from the evidence, you may assign comparative fault if you believe Plaintiff has fault for his injuries, as follows:

Defendant Greene:  ____%        versus          Plaintiff:  ____%

Defendant O'Brien:  ____%       versus          Plaintiff:  ____%

Defendant Moody:  ____%         versus          Plaintiff:  ____%

Defendant Thomas:  ____%        versus          Plaintiff:  ____%

(In determining the percentages of fault you shall consider both the nature of the conduct of each party at fault and the extent of the casual relation between his conduct and the damages claimed.)

**Palmore & Cetrulo,** *Kentucky Instructions to Juries***, Vol 2, 6th Ed.**

**§ 166.60. Actual Damages:**

**§ 128.30. Elements of Wrongful Death Claim:**

If you find in favor of Plaintiff, then you must award Plaintiff such sum as you find from the preponderance of the evidence will fairly and justly compensate Plaintiff for any damages you find Plaintiff sustained as a direct result of Defendants' unlawful actions and/or inactions.  You should consider the following elements of damages:

1.      The conscious pain and suffering Decedent Hoffman suffered prior to his death.

2.      Decedent Hoffman's death.

3.      Medical or funeral expenses arising from Decedent Hoffman's death.

4.      Lost support and services suffered by Decedent Hoffman's family members by reason of Decedent Hoffman's death.  In determining the duration of any future loss, you shall consider the joint life expectancy of the survivor and the decedent. Joint life expectancy means the number of years that both the survivors and Decedent Hoffman could have been expected to be alive together, considering the ages and life expectancy of each at the time of Decedent Hoffman's death.  In evaluating, past and future loss of support and services, you shall consider the survivor's relationship to the decedent, the amount of the decedent's probable net income available for distribution to the survivor and the replacement value of the decedent's services to the survivor.

5.      The mental pain and suffering of Decedent Hoffman's survivors as a result of his death.

**O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, §§ 128.30 and 165.70 (5th ed. 2000) (modified).**

***Tinch v. City of Dayton,* 1996 U.S. App. LEXIS 5716, 8 (Sixth Cir. 1996) ([a] decedent's personal representative, in a survival action, may recover damages for the decedent's pain and suffering upon a showing that the decedent was conscious of is pain and suffering prior to death).**

***Spaulding v. Tate,* 2012 U.S. Dist. LEXIS 125669, 6-7 (E.D. Ky., September 5, 2012) ([i]n Kentucky, even a brief period of consciousness may suffice to warrant the recovery of damages for pain and suffering) citing *Alliant Hosps., Inc. v. Benham,* 105 S.W. 3d 473, 477 (Ky. App. 2003).**

**§ 165.70 Nominal Damages:**

If you find for Plaintiff, but you find that the plaintiff has failed to prove actual damages, you shall return an award of nominal damages not to exceed one dollar.  The mere fact a constitutional deprivation has been shown to occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.

**O'Malley, Grenig, Lee,** *Federal Jury Practice and Instructions*, **5th Edition (modified)**

**§ 165.71 Punitive Damages:**

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish the defendant and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of Plaintiff and against Defendants and if you find Defendants violated Plaintiff's constitutional rights, then, in addition to any other damages to which you find plaintiff is entitled, you may, but are not required to, award Plaintiff can additional amount as punitive damages if you find it is appropriate to punish defendants and deter other correction officers from like conduct in the future. Whether to award Plaintiff punitive damages and the amount of those damages are within your sound discretion.

**O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions*, 5th Edition (modified)**

**The Court's *Opinion and Order* dated March 31, 2016 [D/E #201, Pg. Id 49-50] citing *Gordon v. Norman,* 788 F.2d 1194, 1199 (6th Cir. 1986) and *Gibson v. Moskowitz,* 523 F.3d 657 (6th Cir. 2008).**

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**s/ Christopher J. Trainor**_____
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650

Dated:  December 13, 2017
AJD/kab
Amy.derouin@cjtrainor.com

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the Clerk of the Court on this 13th day of December, 2017. Notice of this filing will be sent to counsel of record via the Court's CM/ECF system. Parties may access this filing through the Court's CM-ECF system.

s/Christopher J. Trainor_____
COUNSEL FOR PLAINTIFF